IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARR SANCHEZ & ASSOCIATES,

    Plaintiff,

    v.

DAVID LOPEZ, et al.,

    Defendants.

Case No. 16-cv-04919-MMC

**ORDER REMANDING CASE TO STATE COURT**

    Before the Court is defendant Claudia Mazariegos' ("Mazariegos") Notice of Removal, filed August 26, 2016, by which Mazariegos has removed a case filed in state court by plaintiff Marr Sanchez & Associates ("Marr Sanchez"). Having read and considered the Notice of Removal, the Court rules as follows.

    If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. See 28 U.S.C. § 1447(c).

    Here, Plaintiff Marr Sanchez's sole claim in the complaint is for unlawful detainer,[1] which claim arises exclusively under state law.[2] In her Notice of Removal, Mazariegos

---

[1] Although Mazariegos' filing of the Notice of Removal is procedurally improper because she failed to attach thereto a copy of the state court complaint, see id. § 1446(a), the Court has taken judicial notice of said pleading, which was filed by another defendant in a related case. See Notice of Removal, at 5-9, Marr Sanchez & Associates v. Lopez, No. 16-cv-03005 MMC, Doc. No. 1. The Court also notes that Mazariegos' filing of the Notice of Removal is procedurally improper for the additional reasons that no other defendant has either joined in or consented thereto, see id. § 1446(b)(2)(A), and such notice was not filed within the time prescribed, see id. § 1446(b)(1).

[2] Mazariegos does not contend the above-titled action qualifies for removal on the basis of diversity jurisdiction, nor could she make such an argument, given the face of the complaint establishes that the amount in controversy does not exceed $10,000. See 28

asserts the above-titled action nonetheless is removable pursuant to 28 U.S.C. § 1443(1) and State of Georgia v. Rachel, 384 U.S. 780, 792 (1966), because, she contends, she is "being denied a specific civil right, based solely on [her] race." (See Notice of Removal at 1:24-26).  The Court is unpersuaded.

Section 1443(1) provides for removal of a civil action brought "[a]gainst any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States."  The "law" referenced therein is one that "provide[s] for specific civil rights stated in terms of racial equality." Rachel, 384 U.S. at 792.  Here, the Notice of Removal contains nothing more than the above-quoted conclusory assertion.  No facts are provided by way of elaboration, nor has any federal law providing a "specific right of racial equality" been cited.  See id. at 792-94.

Accordingly, Mazariegos having failed to show the Court has subject matter jurisdiction, the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: September 8, 2016

MAXINE M. CHESNEY
United States District Judge

---

U.S.C. § 1332(a) (requiring, in diversity jurisdiction cases, amount in controversy exceed $75,000).